```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

VICTOR JORDAN,

                        Plaintiff,        18-cv-8528 (JGK)

    - against -              MEMORANDUM OPINION
                                                   AND ORDER

JOSUE PIERRE ET AL.,

                        Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2018

JOHN G. KOELTL, District Judge:

1. At a hearing on October 18, 2018, the Court denied the plaintiff's request for a temporary restraining order in this case and set a schedule for briefing on a motion for a preliminary injunction as follows: (a) The plaintiff was directed to effect service on the defendants by October 22, 2018; (b) The defendants were directed to respond to the motion for a preliminary injunction by October 26, 2018, 2018; (c) The plaintiff was directed to reply by October 30, 2018. Those deadlines were stated at the hearing on October 18, and reflected in an Order filed on October 19, 2018. (Docket No. 13).

2. The plaintiff had previously filed a request for a temporary restraining order in this case, which the plaintiff withdrew on September 26, 2018, after the Court heard argument on the application. (Docket No. 6).

3. The plaintiff has thus far failed to serve any defendants in this action, but has submitted a series of letters.

4. In a letter dated October 19, 2018, (Docket No. 15), the plaintiff complains that the hearing on October 18 was not conducted sufficiently soon after his request for a preliminary injunction and that the plaintiff was unprepared for the argument. However, the plaintiff had already brought a previous application for a temporary restraining order that the Court had heard and which the plaintiff then withdrew. Moreover, the plaintiff has not indicated any arguments that the plaintiff could have made at an earlier time, and the argument that the hearing was too delayed is somewhat inconsistent with the plaintiff's argument that he was unprepared for the hearing. The plaintiff complains that the argument was by telephone rather than in open court, but the plaintiff appeared by phone only because he could not come to the Courtroom. The hearing was held in open court with a court reporter, and a transcript was made. There is no merit to the plaintiff's objections.

5. By letter dated October 22, 2018, (Docket No. 16), the plaintiff states that he only learned on that day about the deadlines provided at the October 18, 2018, hearing, and contained in the October 19, 2018, Order. The plaintiff points out that he filed an Amended Complaint on October 19, 2018, and

2

asks for (1) the assistance of the U.S. Marshals Service to serve the Complaint, (2) a five day extension to serve the defendants and, (3) corresponding extensions of time for the response and reply to the motion for a preliminary injunction. While the Court had attempted to accommodate the plaintiff so that the motion for a preliminary injunction could be briefed before the election, the plaintiff's delays have made that impossible. There is thus far no personal jurisdiction over the defendants because the plaintiff has failed to serve any of them. The plaintiff must provide a summons and the Amended Complaint for each of the defendants to the Marshals so that the Marshals can serve those documents on the defendants. The plaintiff has thus far not attempted to serve the defendants with the original Complaint or the Amended Complaint or to comply with the Court's deadlines set out at the October 18 hearing and in the October 19 Order, as pointed out by counsel for the Board of Elections in its October 25 letter. (Docket No. 19).

6. To allow the plaintiff, who is proceeding in forma pauperis, to effect service on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to send the plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. Within thirty days of the date of this Order, the plaintiff must complete a USM-285

3

form for each defendant and return those forms to the Court. All correspondence should be directed to the Pro Se Office of the Court.

Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

It is the plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). If within 90 days of issuance of the summons, the plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is the plaintiff's obligation to submit promptly a written notification to the Court if the plaintiff's address changes, and the Court may dismiss the action if the plaintiff fails to do so.

7. In a letter dated October 24, 2018, (Docket No. 17), the plaintiff requests that the Order dated October 19, 2018, be reissued to state the reasons for the denial of the temporary restraining order. However, the Order made it clear that the reasons were stated on the record, and the Court will see that

4

the transcript of the October 18 hearing is filed promptly. The application for a further statement of reasons is **denied**.

8. While the plaintiff simply seeks to adjourn the date to serve the motion for a preliminary injunction by five days, that schedule makes no sense because the plaintiff must provide the service documents to the Marshals and the summons and Amended Complaint must then be served. Moreover, the plaintiff filed the Amended Complaint after he filed the initial papers in which he sought a preliminary injunction. Therefore, the initial request for a preliminary injunction is **denied without prejudice** for the same reasons that the Court denied the application for a temporary restraining order on the record on October 18 and, in addition, there is not yet personal jurisdiction over the defendants because service of the summons and complaint has not been made upon them. The plaintiff may file a new application for a preliminary injunction by notice of motion, in which event the defendants will have the time provided for under the rules to respond to such a motion, or by order to show cause, in which event the Court will provide the dates for the response, reply, and a hearing on the motion.

9. The plaintiff has also filed an application for the appointment of pro bono counsel. (Docket No. 11). However, from the papers provided, the Court cannot determine whether the necessary showing for appointment of counsel has been met. The

Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99cv2427, 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "[petitioner's] ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The petitioner has not yet made such a showing.

The petitioner may seek assistance from the New York Legal Aid Group Legal Clinic for Pro Se Litigants, which is located at 40 Centre Street, Room LL22, New York, New York 10007, and is open on weekdays from 10:00 am until 4:00 pm. The New York Legal Aid Group can be reached by calling (212) 659-6190. The New York

Legal Aid Group can, as appropriate, recommend other counsel for the petitioner.

For the reasons explained above, the petitioner's application for the Court to appoint counsel is **denied without prejudice**.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated: New York, New York
October 27, 2018

_____
John G. Koeltl
United States District Judge