USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR JORDAN,

                Plaintiff,

- against -

JOSUE PIERRE ET AL.,

                Defendants.

18-cv-8528 (JGK)

MEMORANDUM OPINION &
ORDER

JOHN G. KOELTL, District Judge:

On February 20, 2019, the plaintiff sought an Order permitting the United States Marshals to serve defendants Bichotte and Davidson using the "nail and mail" service method described in New York Civil Practice Law and Rules ("CPLR") § 308(4). See Dkt. No. 48. The plaintiff explained that the Marshals had attempted service at Bichotte's and Davidson's home addresses but were unable to effectuate service. On February 26, 2019, the Court ordered that the plaintiff ask the Marshals to attempt service at Bichotte's and Davidson's business addresses before resorting to "nail and mail" service. See Dkt. No. 49. However, the Marshals reported that the plaintiff provided them with the same addresses for Bichotte and Davidson that the plaintiff had provided previously. On May 2, 2019, the Court ordered that the plaintiff should attempt to provide the Marshals with Bichotte's and Davidson's business addresses. Dkt. No. 59.

The plaintiff submitted a letter to the Court dated May 22, 2019, stating that he is only required to provide the addresses of the defendants' dwellings or places of abode. Dkt. No. 62. However, New York courts hold that plaintiffs may only resort to the "nail and mail" method of service described in CPLR § 308(4) "where personal service under CPLR 308(1) and (2) cannot be made with due diligence." JP Morgan Chase Bank, N.A. v. Baldi, 10 N.Y.S.3d 126, 127 (App. Div. 2015). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." O'Connell v. Post, 811 N.Y.S.2d 441, 442 (App. Div. 2006) (quotation marks omitted).

In considering whether the "due diligence" requirement has been met, New York courts frequently inquire as to whether a plaintiff attempted service at both the defendant's residence and the defendant's place of employment. See, e.g., Leviton v. Unger, 868 N.Y.S.2d 126, 127 (App. Div. 2008) (explaining that the process server did not show due diligence because, although he attempted service at the defendant's home, he did not attempt to ascertain the defendant's place of employment); O'Connell, 811 N.Y.S.2d at 442 (holding that nail and mail service was deficient because, although service had been attempted at a residential address, "the process server made no effort to determine the defendant's business address in order to attempt

personal service"); Faculty Practice Plan of Long Island Jewish Med. Ctr. v. Guarneri, 822 N.Y.S.2d 389, 391 (Civ. Ct. 2006) ("The inquiry into whether due diligence has been exercised is conducted on a case-specific basis . . . ; however, regardless of the case-specific circumstances, an inquiry into defendant's employment status is required pursuant to CPLR § 308(1) and (2) prior to utilizing CPLR § 308(4) 'nail and mail' procedures.").

Accordingly, when the plaintiff sought an Order authorizing service via the "nail and mail" method of CPLR § 308(4), the Court ordered that the plaintiff should first provide the defendants' business addresses to the Marshals so that they could attempt to serve Bichotte and Davidson at their business addresses. The plaintiff should therefore attempt to obtain the business addresses for Bichotte and Davidson and provide those addresses to the Marshals. If it is impracticable for the plaintiff to ascertain Bichotte's and Davidson's business addresses with the exercise of due diligence, the plaintiff may write a letter to the Court explaining his attempts to obtain the defendants' business addresses and seeking leave to use the nail and mail service method under CPLR § 308(4).

**SO ORDERED.**

**Dated:** **New York, New York**
**May 28, 2019**

_____
John G. Koeltl
**United States District Judge**