USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-12-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR JORDAN,

        Plaintiff,

-against-

JOSUE PIERRE, ET AL.,

        Defendants.

18-cv-8528 (JGK)

**ORDER OF SERVICE**

**John G. Koeltl, United States District Judge:**

    By Order dated August 20, 2019, the Court authorized the plaintiff to use the provisions of N.Y. C.P.L.R. § 308(4) to effectuate service on defendant Michael Davidson. ECF No. 70. At the conference held on February 10, 2020, the plaintiff represented that he had given the Marshals a current address for Michael Davidson that was different from Davidson's business address at the Board of Elections. The docket indicates, however, that the Marshals refused the service package because the home address provided was not a "proper business address" as required by the Court's July 30, 2019 Order, ECF No. 67, and the Marshals had already tried four times to serve Michael Davidson at the home address provided by the plaintiff. The Marshals previously filed a "Process Receipt and Return" form detailing their attempts to serve Davidson. *See* ECF No. 61.

    In a further effort to effect service on defendant Michael Davidson, the Court directs the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Michael Davidson using the home address that the plaintiff previously provided. *See* USM-285 form docketed at ECF No. 61. The Clerk of Court is further instructed to issue a new summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon defendant Michael Davidson. *See Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013) (Plaintiff proceeding IFP is entitled to rely on the Court and the U.S. Marshals Service to effect service); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP.

The time for the Marshals to serve the defendant, Michael Davidson, is extended until April 13, 2020. If the complaint is not served within that time, the plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).")

As stated in the Order dated August 20, 2019, ECF No. 70, the Marshals should serve the defendant by "nail and mail" service under New York C.P.L.R. § 308(4).

## CONCLUSION

The Clerk of Court is instructed to complete a USM-285 form with the address for Michael Davidson and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Marshals are directed to serve the defendant by "nail and mail" service under New York C.P.L.R. § 308(4).

The Clerk of Court is directed to mail a copy of this order to the plaintiff and note service on the docket.

SO ORDERED.

Dated:
    New York, New York
    February 12, 2020

_____
JOHN G. KOELTL
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Michael Davidson
555 East 29 Street,
Brooklyn, NY 11210